

**FILED**
July 13, 2026 04:02 PM
SX-2025-CR-00294
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br>Plaintiff,<br><br>v.<br><br>JOSHAWN AYALA,<br>Defendant. | CASE NO. SX-2025-CR-00294 |

Cite as 2026 VI SUPER 32U

Appearances:
CHAD A. MITCHELL, ESQ.
Assistant Attorney General
U.S. Virgin Islands Office of the Attorney General
St. Croix, VI
*For Plaintiff*

TRUMAN E. COE, ESQ.
Assistant Territorial Public Defender
Office of the Territorial Public Defender
St. Croix, VI
*For Defendant*

### MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** came before the Court for a Suppression Hearing on June 10, 2026, on Defendant's *Motion to Suppress Evidence Due to Stale Search Warrants, Lack of Probable Cause and Omission of Material Evidence* ("Motion") filed on May 8, 2026. The People were represented by Chad A. Mitchell, Esq., Assistant Attorney General. Joshawn Ayala appeared personally and through counsel, Truman E. Coe, Esq., Esq., Assistant Territorial Public Defender. Virgin Islands Police Detective Salim Ross testified at the suppression hearing. The premises having been considered and the Court otherwise being fully advised, the Court will grant the Defendant's *Motion to Suppress Evidence Due to Stale Search Warrants, Lack of Probable Cause and Omission of Material Evidence* for the reasons placed on the record at the hearing, and for the reasons that follow.

### BACKGROUND

¶2 The affidavit of Police Detective Salim Ross provides that on August 5, 2025, he "received

a video recording from a concerned citizen. The video, captured on a cell phone, appeared to be content from the social media platform Snapchat. It showed Tqwana Donovan and Joshawn Ayala sitting inside a moving vehicle while in possession of a firearm." *Affidavit*, at ¶ 4. Detective Ross executed the affidavit for search warrants on October 15, 2025. Magistrate Judge Velazquez issued search warrants on October 16, 2025, for: (1) a grey 2023 Jeep Compass belonging to Tqwana Donovan, (2) John F. Kennedy Building #8, Apartment 76 rented by Tqwana Donovan, (3) a grey 2016 GMC Sierra, and (4) 26-17 Bonne Esperance, Christiansted, Joshawn Ayala mother's residence. The Police executed the search warrants on October 22, 2025. Nothing of evidentiary value was found in the grey 2023 Jeep Compass or at John F. Kennedy Building #8, apartment 76. In the grey 2016 GMC Sierra:

> The Police found one black handgun holster and one transparent artist vial with a white cap containing unknown white substance in the 2016 GMC Sierra.
>
> The Police found one plastic baggie containing a green leafy substance, one plastic bag containing multiple empty artist vials, one black metal container with twenty-one empty artist vials, one black scale, one plastic bag containing smaller plastic baggies, one black handgun holster, one ballistic vest and one qualified target with holes.
>
> The Police found no guns or ammunition during any of these searches.

Motion, at ¶¶ 7-9. The Police seized a 2016 grey Acura RDX operated by Joshawn Ayala on October 22, 2025, and Magistrate Judge Brow Ross issued a search warrant for the vehicle on October 23, 2025. In the 2016 grey Acura RDX:

> The Police found one black and grey 9mm Glock, one seventeen round capacity magazine, one tan 9mm magazine 31 thirty one round capacity, one 9mm loaded black drum magazine, one empty twenty-four round capacity magazine, two small transparent sandwich bags containing a hard white rock like substance, two dark colored bags containing a green leafy substance and one small transparent container with a white cap containing several hard white rock like substances.

*Id.* at ¶ 12.

## LEGAL STANDARD

¶3    The Fourth Amendment to the Constitution of the United States provides that: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause,

supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment applies to the U.S. Virgin Islands through Section 3 of the Revised Organic Act of 1954. *Heath v. People of the V.I.*, 78 V.I. 990, 1002 (V.I. 2024); *see also* 48 U.S.C.A. § 1561. "The touchstone of a Fourth Amendment analysis concerning a search or seizure is reasonableness — namely whether a police officer acted reasonably." *People v. Looby*, 68 V.I. 683, 699 (V.I. 2018) (citations omitted). "To be valid under the Fourth Amendment, a warrant must be issued on the basis of probable cause, which 'exists when the facts and circumstance as to which police have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that evidence of a crime will be found.'" *People v. Cumberbatch*, 2026 WL 1266392, ¶ 15, 2026 V.I. 7, 4 (V.I. 2026) (citations omitted). "To determine probable [] cause a judge or magistrate 'must make practical common sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband evidence of a crime will be found in a particular place.'" *Id.* at 5, ¶ 16 (citations omitted). "A warrant authorizing a search, 'must be supported by probable cause particularized with respect to that person.'" *Id.* (citations omitted).

¶4    "As a general rule, the validity of an affidavit of probable cause supporting a search warrant is presumed." *United States v. Lang*, 2019 WL 1231670, at *3 (D.V.I. Mar. 15, 2019) (citing *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). "In *Franks*, the Supreme Court determined that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant subsequent to the ex parte issuance of the warrant." *Yusuf*, 461 F.3d at 383. "To be entitled to a *Franks* hearing, the defendant must first make a 'substantial preliminary showing' that the affidavit contains either a false statement or an omission that was 'made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause.'" *Lang*, 2019 WL 1231670, at *3 (citations omitted). "A defendant cannot rely on mere conclusory allegations or a mere desire to cross-examine[.] Instead, a defendant must specifically identify allegedly false statements or omissions in the affidavit and provide an offer of proof or give a satisfactory explanation for the absence of proof." *Id.* (citations and internal quotation marks omitted). The defendant

> must ultimately prove by a preponderance of the evidence that: (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2)

that such statements or omissions were material, or necessary, to the probable cause determination.

*Yusuf,* 461 F.3d at 383 (citations omitted). "[W]hen faced with an omission, the court must remove the 'falsehood created by an omission by supplying the omitted information to the original affidavit.'" *Id.* at 384 (citations omitted). "In the end, the defendant must prove by a preponderance of the evidence that probable cause does not exist under the corrected affidavit." *Id.* at 383.

## DISCUSSION

### A. October 15, 2025, Affidavits

¶5      "In determining whether a search warrant is supported by probable cause, this Court 'reviews the sufficiency of the affidavit upon which a warrant is issued by looking at the totality of the circumstances and simply ensuring that the magistrate had a substantial basis for concluding that probable cause existed.'" *Cumberbatch,* 2026 V.I. at 6, ¶ 20 (citations omitted). The only evidence provided to support the four affidavits executed on October 15, 2025, was the video depicting the Defendant inside a moving vehicle in possession of an alleged firearm. The testimony of Detective Ross at the suppression hearing confirmed that the video provided no evidence of when or where the video was recorded. The Third Circuit Court of Appeals explains

> that the "age of the information supporting a warrant application is a factor in determining probable cause[,]" *United States v. Zimmerman,* 277 F.3d 426, 434 (3d Cir. 2002) (citations omitted), and that "if too old, the information is stale, and probable cause may no longer exist." *Id.* (citation omitted). But "age alone . . . does not determine staleness. 'The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant.'" *United States v. Harvey,* 2 F.3d 1318, 1322 (3d Cir. 1993) (quoting *United States v. Williams,* 897 F.2d 1034, 1039 (10th Cir. 1990)). "Rather, we must also examine the nature of the crime and the type of evidence." *Id.* (citations omitted). Thus, where the facts adduced to support probable cause describe a course or pattern of ongoing and continuous criminality, the passage of time between the occurrence of the facts set forth in the affidavit and the submission of the affidavit itself loses significance. *See Tehfe,* 722 F.2d at 1120; *United States v. Harris,* 482 F.2d 1115, 1119 (3d Cir. 1973) ("where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.") (citation and internal quotation marks omitted).

*United States v. Urban,* 404 F.3d 754, 774 (3d Cir. 2005). "The issue as to whether or not information in an affidavit is stale must depend upon the nature of the activity in question and

usually will require review on a case-by-case basis." *United States v. Harris*, 482 F.2d 1115, 1119 (3d Cir. 1973). "The suspected wrongful conduct, possession of weapons, is by its nature a continuous activity." *United States v. Strickland*, 237 Fed. Appx. 773, 779 (3d Cir. 2007) (citations omitted). "Firearms are durable goods and might well be expected to remain in a criminal's possession for a long period of time." *United States v. Pritchett*, 40 Fed. Appx. 901, 906 (6th Cir. 2002). "[W]hen the criminal activity has been going on continuously for years, staleness is of less concern." *United States v. Williams*, 124 F.3d 411, 420 (3d Cir. 1997).

¶6     The affidavits in this matter state that the video was seen by Detective Ross on August 5, 2025, but provide no evidence as to when the video of the Defendant with the alleged firearm was taken. There is no evidence as to how many days, months, or even years prior to August 5, 2025, the alleged conduct occurred. While the possession of a firearm is a continuous activity by nature, a nexus is still required between the alleged firearm and the locations to be searched. *See United States v. Williams*, 544 F.3d 683, 687 ("A magistrate may infer a nexus between a suspect and his residence, depending upon 'the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding places.'") (citations omitted). The affidavits are completely devoid of any evidence as to when the alleged conduct took place, where the alleged conduct took place, whether the Defendant had any prior criminal history, any witnesses to corroborate alleged conduct in the video, or any other information to support a finding of probable cause given the totality of the circumstances.[1] No corroborating evidence was provided by the Police regarding the video depicting the Defendant's alleged conduct. And, although Detective Ross testified that the Police confirmed the Defendant did not have a firearm or ammunition license in the United States Virgin Islands, the Police did not conduct a firearm or ammunition license check in any other jurisdiction. Even under the best case scenario, Detective Ross' affidavit in support of the October 15, 2025,

---

[1] *Compare United States v. Lindsey*, 596 F.Supp.2d 55, 59 (D.D.C. 2009) (holding that a warrant was not issued upon probable cause when photographs taken at least 178 prior to the warrant "were the only evidence of criminal activity that was linked to the defendant or his residence" were stale regarding a "single-incident crime" such as possession of a firearm), *with United States v. McMilan*, No. 17-290, 2018 WL 3104258 (D. Minn. Mar. 16, 2018) (holding that a warrant was issued upon probable cause when a defendant was prohibited from possessing firearms due to his prior convictions, was seen on a live video, posted forty two minutes prior to the Affiant viewing the video, depicting the defendant with several known gang members possessing firearms, in an apartment the Affiant previously visited and believed to be the apartment in the video).

warrants was dated 71 days after he himself viewed the video of which he had no idea when or where it had been recorded. Therefore, the Court finds that the video of the alleged conduct which was the basis for the four search warrants was stale and failed to provide a nexus between the alleged firearm and the locations to be searched.[2]

## B. October 23, 2025, Affidavit

¶7     The Court finds that there was even less probable cause for a search warrant to be issued based on the fifth affidavit dated October 23, 2025. Just as the prior four affidavits, the October 23, 2025, affidavit was stale and failed to provide a nexus between the alleged firearm and the location to be searched. Furthermore, the affidavit mentions that another Magistrate Judge "signed multiple search warrants, authorizing the search of Joshawn Ayala's residence at 26-17 Bonne Esperance and his vehicle, a gray 2016 GMC Sierra." However, the affidavit failed to mention that no firearms or ammunition were found during the execution of the four previous search warrants. Moreover, the omission of the results from the four previous search warrants appears to have been a deliberate effort to mislead the Court. Supplying the omitted information into the October 23, 2025, affidavit, the affidavit should have included information that another Magistrate Judge had signed multiple search warrants authorizing the search of Joshawn Ayala's residence at 26-17 Bonne Esperance and his vehicle, a gray 2016 GMC Sierra, and that as a result of the searches, no firearms or ammunition were found. The inclusion of that information was material to the probable cause determination and, therefore, the October 23, 2025, affidavit failed to provide the Magistrate Judge with a full picture of whether probable caused existed for the fifth search warrant.

## C. Good Faith Exception

¶8     Even if a warrant was issued without probable cause, the good faith exception to the warrant requirement provides that "when police act under a warrant that is invalid for lack of probable clause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance' on the subsequently invalidated search warrant." *People v. Matthew*, 2026 WL 1498694, ¶ 21, 2026 VI 9, 5 (V.I. 2026). "Typically, the existence of a warrant is sufficient to prove that an officer conducted a search in good faith and justifies the application of the good faith exception."

---

[2] "Information offered to support a search warrant application becomes stale when enough time has elapsed such that there is no longer 'sufficient basis to believe . . . that the items to be seized are still on the premises.'" *United States v. Grant*, 682 F.3d 827, 835 (9th Cir. 2012).

*Id.* (citations omitted). The four situations in which the exception does not apply are:

> (1) [when] the magistrate [judge] issued the warrant in reliance on a deliberately or recklessly false affidavit;
>
> (2) [when] the magistrate [judge] abandoned his judicial role and failed to perform his neutral and detached function;
>
> (3) [when] the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or
>
> (4) [when] the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*United States v. Hodge*, 246 F.3d 301, 308 (3rd Cir. 2001).

¶9     The Court finds that the four affidavits dated October 15, 2025, and the affidavit dated October 23, were "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* Furthermore, the fifth affidavit dated October 23, 2025, just as the prior four affidavits, was prepared and executed by Detective Ross. "The test for whether the good faith exception applies is 'whether a reasonably well-trained officer would have known the search was illegal despite the Magistrate's authorization.'" *People v. Pryce*, 2023 V.I. SUPER 52U, ¶ 14 (V.I. Super. Ct. 2023) (citations omitted). Since Detective Ross is a reasonably well-trained officer, he "would recognize that the affidavit that he presented to the Magistrate was inadequate." *Id.* The Third Circuit Court of Appeals in addressing a similar situation in which the affiant was an executing officer, found that:

> it is somewhat disingenuous, after having gone to the magistrate with the paltry showing seen here, to suggest, as the government suggests, that at bottom it was the magistrate who made the error and the search and seizure are insulated because the officer's reliance on that error was objectively reasonable.

*United States v. Zimmerman*, 277 F.3d 426, 438 (3d Cir. 2002). The Supreme Court of the United States has also explained that "because petitioner himself prepared the invalid warrant, he may not argue that he reasonably relied on the Magistrate's assurance that the warrant contained an adequate description of the things to be seized and was therefore valid." *Groh v. Ramirez*, 540 U.S. 551, 564 (2004).

## CONCLUSION

¶10    Given the totality of the circumstances, the Court finds that the Magistrate Judges did not have a substantial basis for concluding that probable cause existed regarding the affidavits for the search warrants dated October 15, 2025, and October 23, 2025, and the good faith exception does not apply. Accordingly, the premises considered and the Court otherwise being fully advised, it is hereby

ORDERED that the Defendant's *Motion to Suppress Evidence Due to Stale Search Warrants, Lack of Probable Cause and Omission of Material Evidence* is **GRANTED;** and it is further

ORDERED that all evidence seized from the grey 2023 Jeep Compass, John F. Kennedy Building #8, Apartment 76, the grey 2016 GMC Sierra, 26-17 Bonne Esperance, Christiansted, and the 2016 grey Acura RDX, is **SUPPRESSED and EXCLUDED** from use in the Defendant's trial in this matter; and it is finally

ORDERED that a copy of this Order be served upon the Defendant, Joshawn Ayala; upon Truman E. Coe, Esq., Assistant Territorial Public Defender; and upon Chad A. Mitchell, Esq., Assistant Attorney General.

DONE AND SO ORDERED this 13th day of July, 2026.

ERNEST E. MORRIS, JR.
Superior Court Judge

ATTEST:
TAMARA CHARLES
Clerk of the Court
By: _____
Court Clerk II
7/13/2026